UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS A. RIVERA,

                    Plaintiff,

          -against-

DUTCHESS COUNTY JUSTICE AND
TRANSITION CENTER; PAULA
MCGOWANTHRT, PSYCHIATRIST;
PRIMECARE MEDICAL,

                    Defendants.

26-CV-0226 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is incarcerated at the Dutchess County Justice and Transition Center ("DCJTC"), brings this action *pro se* under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by discontinuing his prescribed mental-health medications without justification.  By order dated January 29, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons that follow, the Court: (1) dismisses the claims against DCJTC and substitutes in its place as a defendant, under Rule 21 of the Federal Rules of Civil Procedure, the County of Dutchess; and (2) directs service on Defendants.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.    Defendant DCJTC

The complaint names DCJTC as a defendant.  Under New York law, however, a plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."  *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024); *see Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) (noting that in New York, agencies of a municipality are, generally, not "suable").  The DCJTC does not appear to have a separate legal identity apart from the municipality that created it, and it is thus a non-suable entity.  *See Rivera v. Dutchess Cnty. Just. & Transition Ctr.*, No. 25-CV-6312 (PMH), 2026 WL 791902, at *1 (S.D.N.Y. Mar. 20, 2026) (holding that DCJTC is a non-suable entity); *Gonzalez v. Dutchess Cnty. Just. & Transition Ctr.*, No. 25-CV-4729 (LLS), 2025 WL 2793705, at *3 (S.D.N.Y. Oct. 1, 2025) (same).  The Court therefore dismisses Plaintiff's claims against the DCJTC for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and his clear intention to assert claims against the County of Dutchess, the Court construes the complaint as asserting claims against the County of Dutchess and directs the Clerk of Court to amend the caption of this action to replace the DCJTC

with the County of Dutchess as a defendant.  *See* Fed. R. Civ. P. 21.  This substitution is without prejudice to any defenses that the County of Dutchess may wish to assert.

**B.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

**C.    Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants County of Dutchess, Paula McGowanthrt, and PrimeCare through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants.  The Clerk of Court is further instructed to issue summonses and

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

3

deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendant Dutchess County Justice and Transition Center. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the County of Dutchess as a Defendant under Fed. R. Civ. P. 21 and terminate Defendant Dutchess County Justice and Transition Center as a defendant.

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    April 7, 2026
             White Plains, New York

_____
Kenneth M. Karas
United States District Judge

4

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    County of Dutchess
      Office of the Dutchess County Attorney
      22 Market Street
      Poughkeepsie, NY 12601

2.    Paula McGowanthrt
      150 North Hamilton Street
      Poughkeepsie, NY 12601

3.    PrimeCare Medical
      150 North Hamilton Street
      Poughkeepsie, NY 12601