UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS A. RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>DUTCHESS COUNTY JUSTICE AND TRANSITION CENTER; PAULA MCGOWANTHRT, PSYCHIATRIST; PRIMECARE MEDICAL,<br><br>Defendants. | 26-CV-226 (KMK)<br><br><u>AMENDED ORDER OF SERVICE</u> |

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is incarcerated at the Dutchess County Justice and Transition Center ("DCJTC"), brings this action *pro se* under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by discontinuing his prescribed mental-health medications without justification. By order dated January 29, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] On April 7, 2026, the Court directed service on Defendants, including one Defendant identified as "Paula McGowanthrt," whom Plaintiff alleges is an employee of Defendant PrimeCare Medical ("PCM"). (*See* Order of Service (Dkt. No. 8).) The United States Marshals Service filed a document on the docket indicating McGowanthrt had been served at DCJTC, (*see* Dkt. No. 22), but counsel for PCM indicated that no individual by that name worked for PCM, so service was not properly effected, (*see* Letter from Paul A. Sanders to Court (Oct. 1, 2026) (Dkt. No. 27)). The same letter indicated, however, "[b]ased upon [their] records," that Plaintiff likely intended

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

to name Paula Dillman-McGowan. (*Id.*) The Court accordingly deems service on "McGowanthrt" at DCJTC to have been ineffective.

## I. Discussion

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). And under *Valentin v. Dinkins*, Plaintiff is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).

In light of PCM's identification of Paula Dillman-McGowan as the likely individual whom Plaintiff intended to name, Plaintiff has supplied sufficient information for Defendant to identify her. It is therefore ordered that counsel for PCM must ascertain the address where Paula Dillman-McGowan may be served. Counsel for PCM must provide this information within thirty days of the date of this Order. The Court will then direct the Clerk of Court to issue a summons for Dillman-McGowan and order service of the summons and Complaint upon her.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## II. Conclusion

Counsel for PCM shall provide the necessary information for the Court to direct service on Dillman-McGowan. The Clerk of Court is respectfully directed to change the name of "Paula McGowanthrt" on the docket to "Paula Dillman-McGowan" and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 2, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge